IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CRIM. NO. 08-00303 (1) JMS |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DENYING MOTION TO RECUSE |
| vs. | ) ) | |
| JOHN MENDOZA, | ) ) | |
| Defendant. | ) ) | |

**ORDER DENYING MOTION TO RECUSE**

**I.  INTRODUCTION.**

Pursuant to 28 U.S.C. § 144, Defendant John Mendoza moves to recuse Judge J. Michael Seabright. The motion is denied.

**II.  STANDARD.**

In relevant part, 28 U.S.C. § 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

In determining whether recusal is warranted, "the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008) (internal quotation marks and brackets omitted). Any alleged bias "must

usually stem from an extrajudicial source." Id. at 1043-44.

With respect to recusal, the United States Supreme Court has stated:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

Liteky v. United States, 510 U.S. 540, 555 (1994) (citation omitted).

**III.   ANALYSIS.**

Mendoza's sole argument in support of his motion to recuse appears to be that Judge Seabright has exhibited bias against him through various adverse rulings. Mendoza contends that exculpatory evidence was disregarded at his sentencing hearing, and two motions he filed seeking return of various items were denied, constituting a "clear demonstration of prejudice" against him. ECF No. 517, PageID # 5288-89.

Contrary to Mendoza's assertions, Judge Seabright need

2

not be recused on this basis.  It is well established that "[u]nfavorable rulings alone are legally insufficient to require recusal, even when the number of such unfavorable rulings is extraordinarily high on a statistical basis."  Beverly Hills Bancorp v. Hine, 752 F.2d 1334, 1341 (9th Cir. 1984) (citation omitted); see also Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) ("[Appellant's] allegations stem entirely from the district court judge's adverse rulings.  That is not an adequate basis for recusal.").  Mendoza's disagreement with adverse rulings should be raised in a proper appeal, not in a motion to recuse.

Mendoza relies entirely on adverse rulings to support his motion to recuse.  Mendoza fails to show any bias or prejudice deriving from an extrajudicial source, or such favoritism or antagonism as to make fair judgment impossible.  See Liteky, 510 U.S. at 555.  This court discerns nothing in the record that requires Judge Seabright's recusal under 28 U.S.C. § 144.

**IV.    CONCLUSION.**

For the foregoing reasons, Mendoza's motion to recuse is denied.

3

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 22, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States of America v. John Mendoza, Crim. No. 08-00303 (1) JMS; ORDER DENYING MOTION TO RECUSE